**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

JAMES ROBERT BRISCOE, III

        Plaintiff,

    v.

JOHN DOE 1 through 100, et al.,

        Defendants.

_____/

CASE NO. 1:17-cv-00716-DAD-SKO

**ORDER GRANTING PLAINTIFF'S "REQUEST FOR FIRST AMENDED COMPLAINT TO BE ALTERED OR AMENDED"**

(Doc. 10)

On May 24, 2017, Plaintiff James Robert Briscoe, III ("Plaintiff"), a state prisoner proceeding pro se and *in forma pauperis*, filed this civil rights action. (Doc. 1.) Plaintiff filed his First Amended Complaint on July 17, 2017, against Defendants "John Doe 1 through 100," "Fresno Police 1 through 20," and the City of Fresno. (Doc. 9.)

On September 7, 2017, Plaintiff filed a "Request for First Amended Complaint to be Altered or Amended," seeking to substitute Richard Madrid for Defendant "John Doe 1 through 100." (Doc. 10.) After the first amendment, Plaintiff may amend his pleading only with the opposing parties' written consent or with the Court's leave. Fed. R. Civ. P. 15(a). Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has instructed that the policy favoring amendments "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). "In the absence of any apparent or

declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

It is the consideration of prejudice to the opposing party that carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Absent prejudice, a presumption in favor of granting leave to amend exists under Rule 15(a). *Id.* Further, undue delay alone is insufficient to justify denial of a motion to amend. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). Here, Plaintiff seeks to amend his First Amended Complaint to substitute Richard Madrid for Defendant "John Doe 1 through 100." (Doc. 10.) There is no indication that Plaintiff has delayed in seeking to amend his complaint and he does not seek to amend in bad faith. Most importantly, no defendant has yet been served, so amendment cannot prejudice any opposing party. Accordingly, in the absence of any undue prejudice to Defendants, as evidenced by their lack of opposition to the motion, Plaintiff's "Request for First Amended Complaint to be Altered or Amended" to substitute Richard Madrid for Defendant "John Doe 1 through 100" shall be granted.[1]

///
///
///
///
///
///
///
///
///
///

---

[1] Plaintiff also requests that the designation "(PC)" be added to the case number on the First Amended Complaint. Since this action has been re-designated as a non-prisoner-civil-rights case (*see* Doc. 11), no "(PC)" designation is necessary, and Plaintiff's request is therefore DENIED as MOOT.

**CONCLUSION AND ORDER**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's "Request for First Amended Complaint to be Altered or Amended" to substitute Richard Madrid for Defendant "John Doe 1 through 100" is GRANTED; and

2. Plaintiff shall file a Second Amended Complaint **within twenty-one (21) days** from the date of this order, after which the Court will proceed to screen the complaint pursuant to 28 U.S.C. § 1915A(a) (requiring the Court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity).

IT IS SO ORDERED.

Dated: __**November 9, 2017**__          _____/s/ *Sheila K. Oberto*_____
                                                        UNITED STATES MAGISTRATE JUDGE