# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ROBERT BRISCOE, III,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD MADRID, et al.,<br><br>Defendants. | **Case No. 1:17-cv-0716-DAD-SKO**<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**<br><br>**(Doc. 13)**<br><br>**30 DAY DEADLINE** |

## I.　　BACKGROUND

Plaintiff, James Robert Briscoe, III, is a prisoner in the custody of the California Department of Corrections and Rehabilitation and is housed at Wasco State Prison. On November 22, 2017, Plaintiff, proceeding *pro se*, filed a second amended civil rights complaint (the "Second Amended Complaint") against Defendants Richard Madrid "individually and in his official capacity"; "Fresno City Police 1 through 20 individually and in their official capacity"; City of Fresno "individually and in their official capacity"; and John Doe 1 through 10 "individually and in their official capacity," purporting to allege causes of action under 42 U.S.C. § 1983 for "cruel and unusual punishment, excessive force, a deliberate indifference to protect [P]laintiff from physical brutality and false imprisonment under the 8th Amendment to the United States Constitution and the Universal Declaration of Human Rights." (Doc. 13 at 7.) Plaintiff seeks compensatory damages in the amount of $100,000 against each defendant and punitive damages in the amount of $250,000 against each defendant. (*Id.* at 8.) Plaintiff's Second Amended Complaint is now before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's Second Amended Complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Persons proceeding pro se are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

## III. DISCUSSION

### A. Plaintiff's Allegations

Plaintiff alleges that on August 9, 2016, Plaintiff was in the presence of several Fresno City Police officers while they conducted a warrant check and were advised that there were no warrants for Plaintiff's arrest. (Doc. 13 at 4.) Plaintiff contends that Defendant Richard Madrid and another white male then approached the officers and "presented them with 'some type of' a

law enforcement identification credential." (*Id.*) Defendant Madrid allegedly informed the police officers that Plaintiff was "a 'wanted man'" who was sought after by the bail bond company that had posted Plaintiff's bail in a case in Fresno Superior Court, and that Defendant Madrid was there "to arrest and/or apprehend" Plaintiff, as he was "instructed to do." (*Id.*) Plaintiff "begged and pleaded" for the Fresno Police officers "not to leave and abandon" him before contacting his bail agent to verify the propriety of Defendant Madrid's actions. (*Id.* at 5.) Plaintiff alleges that he provided the Fresno City Police officers the name and phone numbers of his bail agent but "they all left without contacting my bail agent despite my expressed concern for my safety." (*Id.*)

Plaintiff contends further that "[o]nce the police were completely out of visual sight" Defendant Madrid "grabbed me by my throat and commanded his partner to grab me by my ankles as they simultaneously lifted me out of my wheelchair (I am ADA Mobility Impaired)." (Doc. 13 at 5.) Plaintiff alleges that Defendant Madrid and his partner "threw me down in the street and laid on top of me while cutting both of my wrists with a knife and also breaking my left wrist." (*Id.*) Plaintiff claims that his wrist was injured "so severely that some of the bone was not repairable and had to be removed and a metal clamp and screws surgically implanted as a permanent fixture to hold the remaining bone in alignment," and that both wrists "had to be sutured and bear extensive scars and physical deformity." (*Id.* at 5–6.)

According to Plaintiff, after he was discharged from the hospital following surgery on his wrists, Defendant Madrid "transported me in a gold-colored Mercedez [sic] Benz to Fresno County Jail." (Doc. 13 at 6.) Plaintiff alleges that, at the jail, "Sergeant N. Taylor" informed Defendant Madrid that Plaintiff "was not going to be booked and processed into jail" because he did not have any warrants or criminal charges. (*Id.*) Sgt. Taylor allegedly advised Plaintiff that he was "free to leave," and then "requested [Defendant Madrid] immediately remove himself from the premises of the jail due to complaints from several of her officers that he displayed rude behavior towards them." (*Id.*) Plaintiff contends that he exited the Fresno County Jail in his wheelchair, whereupon he was "apprehended" by Defendant Madrid "with physical force and fear." (*Id.*) Defendant Madrid allegedly pushed Plaintiff into his vehicle and drove "around Fresno for several hours." Plaintiff alleges that Defendant Madrid told him "not to do anything

3

that will make him mad." (*Id.*)

**B.  Plaintiff Cannot State a Claim Under Section 1983 Against Defendant Richard Madrid.**

Plaintiff's Second Amended Complaint alleges that this action was brought pursuant to 42 U.S.C. § 1983 ("Section 1983"). Section 1983 provides that,

> [e]very person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. In order to state a cognizable claim under Section 1983, a plaintiff must allege facts demonstrating that he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is the plaintiff's burden in bringing a claim under Section 1983 to allege, and ultimately establish, that the named defendants were acting under color of state law when they deprived him of a federal right. *Lee v. Katz*, 276 F.3d 550, 553–54 (9th Cir. 2002).

Here, Plaintiff's Second Amended Complaint alleges that Defendant Richard Madrid, identified as a "bailbond agent and/or bounty hunter for Bail Shark Bail Bonds," told Fresno Police officers that Plaintiff was "a 'wanted man'" and then proceeded to "grab[]" Plaintiff "by his throat," throw Plaintiff "down in the street," injuring his wrists. (Doc. 13 at 2, 4–6.) Plaintiff pleads that Defendant Madrid thereafter drove him to the Fresno County Jail and later "around Fresno for several hours." (*Id.* at 6.) Plaintiff's Second Amended Complaint contains no allegations suggesting that Defendant Madrid was acting "under color of state law" when the allegedly wrongful conduct occurred. *See Ouzts v. Maryland Nat. Ins. Co.*, 505 F.2d 547, 555 (9th Cir. 1974) ("the bondsman was acting to protect his own private financial interest and not to vindicate the interest of the state"); *Paige v. Cuevas*, No. 2:14–cv–2773 GEB DAD PS, 2015 WL 2091684, at *2–3 (E.D. Cal. May 4, 2015) (recommending dismissal of Section 1983 complaint against bail bondsman for lack of subject matter jurisdiction); *Dixon v. Wesbrook*, No. 1:11–CV–1290 AWI JLT, 2012 WL 6160797, at *6 (E.D. Cal. Dec.11, 2012) ("The Ninth Circuit has found

that bounty hunters and bail bond agents are not state actors acting under color of state law for purposes of Section 1983."). *Accord United States v. Poe*, 556 F.3d 1113, 1124 (10th Cir. 2009) ("Because the bounty hunters did not intend to assist law enforcement, they are not state actors"); *Erwin v. Byrd's Bail Bonding*, C/A No. 2:10–1948–CWH–RSC, 2010 WL 3463881, at *2 (D.S.C. Aug. 5, 2010) ("It is well-settled that bail bonding companies and bail bondsmen do not act under color of state law."); *Leverton v. Garner*, No. Civ. A. G-05-295, 2006 WL 1350243, at *2 (S.D. Tex. May 15, 2006) ("Bondsmen are private citizens who do not act 'under color of state law'"). Accordingly, Plaintiff cannot state a Section 1983 claim against Defendant Madrid.

**C.     "Fresno City Police 1 through 20" Is Not A Proper Party Under Section 1983.**

While Section 1983 is not itself a source of substantive rights, it provides a cause of action against any *person* who, under color of law, deprives an individual of federal constitutional rights or limited federal statutory rights. *See* 42 U.S.C. § 1983; *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). The Fresno Police Department is a municipal *department* of the City of Fresno and is therefore not considered a "person" within the meaning of Section 1983. *See United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (noting that municipal police departments and bureaus are generally not considered "persons" within the meaning of Section 1983); *Pellum v. Fresno Police Dep't*, No. 1:10–cv–01258–OWW–SKO, 2011 WL 350155, at *2 (E.D. Cal. Feb. 2, 2011) ("The Fresno Police Department is not a proper defendant under Section 1983"); *Wade v. Fresno Police Dep't*, No. 1:09–CV–0588 AWI DLB, 2010 WL 2353525, at *4 (E.D. Cal. June 9, 2010) (finding police department is not a "person" under Section 1983); *Sanders v. Aranas*, No. 1:06-CV-1574 AWI SMS, 2008 WL 268972, at *3 (E.D. Cal. Jan. 29, 2008) (finding Fresno Police Department improper defendant because it is a sub-division of the City of Fresno). Thus, Plaintiff's claim against "Fresno City Police 1 through 20" is not cognizable under Section 1983.

**D.     Plaintiff Fails to State a Section 1983 Claim Against Unnamed Officers of the Fresno Police Department.**

Plaintiff alleges in his Second Amended Complaint that "Fresno City Police Officers . . . all left without contacting my bail agent despite my expressed concern for my safety," and that

5

Plaintiff's "injuries . . . constituted . . . a deliberate indifference to protect [P]laintiff from physical brutality and false imprisonment under the 8th Amendment to the United States Constitution." (Doc. 13 at 5, 7.) To the extent that Plaintiff contends that unnamed individual officers of the Fresno Police Department deprived him of a federal constitutional right under Section 1983 by exhibiting a "deliberate indifference to protect [him] from physical brutality and false imprisonment," his Second Amended Complaint fails to allege facts sufficient to state such a claim against those officers in their individual capacity.[1]

Generally, state actors are generally "not liable for . . . omissions" under Section 1983. *Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1086 (9th Cir. 2000). As such, individuals generally do not have a constitutional "right to governmental aid even when such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195–96 (1989). This rule, however, is not without exception: a state actor can be liable for an omission where he or she affirmatively places plaintiff in danger by acting with "deliberate indifference" to a "known or obvious danger" (the "danger creation exception"). *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 974 (9th Cir. 2011) (citations omitted). Deliberate indifference is a stringent standard of fault, requiring proof of "1) an unusually serious risk of harm, 2) defendant's actual knowledge of (or, at least, willful blindness to) that elevated risk, and 3) defendant's failure to take obvious steps to address that known, serious risk." *L.W. v. Grubbs*, 92 F.3d 894, 900 (9th Cir. 1996).

The Second Amended Complaint does not allege that Fresno Police Department officers somehow created the danger causing or enhancing Plaintiff's alleged injuries. Police officers do not owe a duty to investigate or "verify" allegations simply because a citizen asks them to do so. *See Dixon*, 2012 WL 6160797, at *5. At best, Plaintiff has alleged inaction by police officers,

---

[1] Claims under Section 1983 for money damages, as those asserted by Plaintiff here, cannot be brought against individual officers of the Fresno Police Department in their "official capacity." *See Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007) ("[S]tate officials sued in their official capacities . . . are not 'persons' within the meaning of § 1983 . . . ."); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In addition, "[t]he Eleventh Amendment bars actions for damages against state officials who are sued in their official capacities in federal court." *Dittman v. California*, 191 F.3d 1020, 1026 (9th Cir. 1999).

6

which "cannot be used to invoke a violation of the Constitution." *Id.* Accordingly, Plaintiff's Second Amended Complaint fails to state a Section 1983 claim against unnamed individual officers of the Fresno Police Department.[2]

**E.    Plaintiff's Allegations are Insufficient to State a Claim Under Section 1983 Against the City of Fresno.**

Plaintiff names the City of Fresno as a defendant. There is no *respondeat superior* liability under § 1983, *i.e.* no liability under the theory that one is responsible for the actions or omissions of another, such as an employee. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139, 1144 (9th Cir. 2012). Thus, a claim would not be stated against the City of Fresno merely because that entity employed the alleged wrongdoer. Instead, local governments, such as the City of Fresno, are "persons" subject to liability under 42 U.S.C. § 1983 only where official policy or custom causes a constitutional tort. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). A local governmental entity may also "be liable if it had a policy or custom of failing to train its employees and that failure to train caused the constitutional violation." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 123 (1992). "In particular . . . the inadequate training of police officers could be characterized as the cause of the constitutional tort if—and only if—the failure to train amounted to 'deliberate indifference' to the rights of persons with whom the police come into contact." *Id.* (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)).

Plaintiff alleges that the City of Fresno "is legally responsible for the operation and training of the Fresno City Police Department and its Fresno City Police Officers." (Doc. 13 at 3.) Other than that lone allegation, Plaintiff's Second Amended Complaint is devoid of any allegations relating to any alleged wrongdoing by the City of Fresno. To the extent that Plaintiff contends that it was the City of Fresno's *failure* to train its police officers that resulted in his "injuries . . . constitute[ing] . . . a deliberate indifference to protect [P]laintiff from physical

---

[2] Moreover, to the extent that Plaintiff predicates his Section 1983 claim on the Eighth Amendment's prohibition against cruel and unusual punishment, such prohibition does not apply until <u>after</u> conviction and sentence. *See Pierce v. Multnomah County, Oregon*, 76 F.3d 1032, 1042 (9th Cir. 1996.) Therefore, any Section 1983 claim alleging cruel and unusual punishment during the incident at issue in violation of the Eight Amendment would fail as a matter of law.

7

brutality and false imprisonment under the 8th Amendment to the United States Constitution" (see Doc. 13 at 7), such conclusory allegations and recitation of elements are not sufficient to state a claim. *See Iqbal*, 556 U.S. at 678. Plaintiff has failed to plead any factual allegations whatsoever as to any policy or custom of the City of Fresno with regard to training or lack thereof. Therefore, Plaintiff fails to state a claim for liability under Section 1983 against the City of Fresno.

**F.     Leave to Amend**

"Rule 15(a) [of the Federal Rules of Civil Procedure] is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (quoting former version of Fed. R. Civ. P. 15(a)). *See also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir.1988). *See also Klamath–Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir.1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, Plaintiff's Section 1983 claim against Defendant Richard Madrid is not cognizable, because Plaintiff has not and cannot allege that Defendant Madrid acted "under color of state law." Plaintiff's Section 1983 claim against Defendant "Fresno City Police 1 through 20" is also not cognizable, as Fresno City Police is not a "person" under the statute. Plaintiff has also failed to state cognizable claims under Section 1983 against unnamed members of the Fresno Police Department and the City of Fresno.

In view of the Ninth Circuit's admonition that leave to amend should be afforded to pro se parties, *see WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc), the Court shall grant leave to amend. Plaintiff's third amended complaint must be legible, identify the improper actions or basis for liability of each defendant, and the factual allegations must demonstrate a plausible claim. Plaintiff is advised that an amended complaint supersedes the original complaint. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The third amended complaint must be "complete in itself without reference to the prior or

superseded pleading." Rule 220 of the Local Rules of the United States District Court, Eastern District of California. Once Plaintiff files a third amended complaint, the Second Amended Complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his third amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). If Plaintiff fails to file a third amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the Second Amended Complaint be dismissed with prejudice and without leave to amend.

## IV. CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that

1. Plaintiff's Second Amended Complaint (Doc. 13) is DISMISSED WITHOUT PREJUDICE for failure to state a cognizable federal claim, with LEAVE TO AMEND;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a third amended complaint that follows the analysis of this order; and

3. **If Plaintiff fails to file an amended complaint in compliance with this order, the undersigned will recommend to the assigned district judge that this action be dismissed with prejudice.**

IT IS SO ORDERED.

Dated: **January 26, 2018**　　　　　　　　/s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

9