# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ROBERT BRISCOE, III,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD MADRID, et al.,<br><br>Defendants.<br>/ | Case No. 1:17-cv-0716-DAD-SKO<br><br>**ORDER DENYING PLAINTIFF'S REQUESTS TO EXTEND TIME TO FILE AMENDED COMPLAINT AND REQUEST FOR LEGAL ASSISTANCE**<br><br>**(Docs. 28 and 30)** |

## I. BACKGROUND

Plaintiff is an inmate at the California Health Care Facility in Stockton, California (the "Facility") proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On July 13, 2018, Plaintiff filed his fourth request for an extension of time to file a third amended complaint that states a cognizable claim under Section 1983. (Doc. 28.) Plaintiff requested an additional extension of 80 days in which to file his amended complaint because he is on "lockdown in the administrative segregation unit at the Facility" and "prison staff confiscated all of his personal property inclusive of legal materials and effects relevant to filing" his amended complaint. (*Id.*) Plaintiff stated that he "does not even have physical access to the legal research law library" while in the administrative segregation unit and "anticipates his current situation to last a minimum of 60 more days." (*Id.*) Plaintiff signed his request under penalty of perjury on July 10, 2018. (*Id.*)

On July 18, 2018, the Court requested the Supervising Deputy Attorney General in charge of the correctional law section to "address *and* confirm Plaintiff's allegations that he is on lockdown

with no access to the legal research library at the Facility and had all his personal property confiscated by Facility staff" within fourteen days of the date of the order, or by August 1, 2018. (Doc. 29 at 2 (emphasis in original).) On July 27, 2018, while the Court was awaiting the Supervising Deputy Attorney General's response to the Court's order, Plaintiff filed a "Request for a Reasonable Extension to File His Third Amended Complaint or Granted Ancillary Services," which again seeks an extension of the deadline to file his third amended complaint.[1] (Doc. 30.)

In it, Plaintiff states that he "[r]ecently" was taken off lockdown and his personal property returned to him. (Doc. 30 at 1–2.) However, during that "nearly 3-week period," Plaintiff was not only "without all of his legal materials relevant to prepare his Third Amended Complaint" but also "prohibited from accessing the legal research library" and only "recently" received a "priority ducat" for access to the library, which was closed all day on July 20, 2018. (*Id.* at 2.) Plaintiff contends that "gaining access to the use of the legal research computers is impossible a majority of the time" and, when he does, "he only gets 1 hour to research all the case law cited by the Court plus the same 1 hour to research law that support [sic] the plaintiff's claim." (*Id.* at 2–3.) Plaintiff asserts that these "conditions," coupled with the fact that "the case law has to be hand-written since photocopying . . . is not allowed," renders it "humanly impossible for the plaintiff to adequately prepare his Third Amended Complaint by or before the current deadline." (*Id*. at 3.) Plaintiff also includes a request for "use of ancillary services such as a paralegal, an attorney, a legal assistant." (*Id.*) Plaintiff's request is dated July 23, 2018. (*See id*. at 4.)

On July 31, 2018, the Office of the Attorney General filed a response to the Court's July 18, 2018, order. (Doc. 32.) The response indicates that on June 26, 2018, Plaintiff was designated as a "maximum custody inmate" and placed in Administrative Segregation for threatening a staff member, which resulted in Plaintiff being transferred from his housing unit and "temporarily without his property." (*Id.* at 1 and Attachment A ¶ 3.) Plaintiff's property was restored to him on July 10, 2018, and he was taken off maximum custody status effective July 11, 2018. (*Id.* at 2 and Attachment A ¶ 4.) The response further indicates that although inmates on maximum custody

---

[1] Notably, Plaintiff appears to retreat from his original request of an 80-day extension, seeking only a "reasonable" extension of unspecified length. (*See* Doc. 30.)

2

status are restricted from physical access to the law library for security reasons, they can access to law library materials using a computer tablet in his housing unit with assistance from a librarian or a librarian technical assistant. (*Id*. at 2 and Attachments A ¶ 5, B ¶ 7.)

According to the response, after having been taken off maximum custody status on July 11, 2018, Plaintiff received previously-requested legal materials, including a civil rights complaint form, pro se filing instruction forms, proof of service by mail form, ten sheets of typing paper, and an envelope in which to mail the forms. (*See id*. 2 and Attachment B ¶ 3, Ex. A.) Plaintiff was also granted "Priority Legal User" status beginning on July 9, 2018, and ending August 8, 2018, and he visited the library on July 13 and July 16, 2018. (*Id*. and Attachment B ¶¶ 4–6, Ex. B.)

## II.     DISCUSSION

The response by the Office of the Attorney General demonstrates that Plaintiff's original and subsequent requests for a fourth extension of time to file a third amended complaint, while not containing any outright fabrications, are misleading and deceptive, which is reason alone to deny them. For example, Plaintiff's original request, signed July 10, 2018, states that Plaintiff, as a maximum custody inmate, "does not even have physical access to the legal research law library," implying that he had no way of accessing law library materials. The Office of the Attorney General's response shows that this is not true: as a maximum custody inmate from June 26 to July 11, 2018, Plaintiff retained the ability to obtain access to law library materials during that time period. There is no indication in the record, however, that Plaintiff ever sought such access. Plaintiff also conveniently omits from his original request the fact that he had been granted "Priority Legal User" status one day prior.

In addition, Plaintiff's subsequent request for an extension, signed July 23, 2018, states that he was "recently" taken off lockdown and granted priority legal user status, but the Office of Attorney's General's response demonstrates that these events occurred almost two weeks prior: Plaintiff's property was restored to him and he was taken off maximum custody status on July 10 and July 11, 2018, respectively—not as "recently" as Plaintiff would have the Court believe.

Plaintiff's third amended complaint was originally due February 28, 2018. (*See* Doc. 15.)

The Court has granted Plaintiff three previous enlargements of time, which collectively extended Plaintiff's deadline to file an amended complaint by 180 days. (*See* Docs. 17 (60 days), 21 (30 days), 25 (90 days).) In its order granting Plaintiff's most recent enlargement, which extended time based on Plaintiff's alleged lack of adequate access to the law library, the Court advised Plaintiff that the Court's January 26, 2018, screening order "set forth the clear legal standards by which the claims alleged in Plaintiff's amended complaint will be evaluated," and "[i]n view of these clear standards, which have been provided to Plaintiff on multiple occasions (most recently on March 19, 2018, *see* Doc. 21), there is simply no need for extensive legal research." (Doc. 25 at 2.) The Court further cautioned Plaintiff that such extension was his "***last and final***," and that "any further requests for extensions of time shall be supported by good cause ***other than that already presented to the Court in prior requests.***" (*Id.* (emphasis in original).) Even if the Court were to find Plaintiff's requests for a fourth extension of time were not misleading, he has not shown good cause other than that already presented to the Court in his prior requests. Plaintiff's requests for a fourth enlargement of time in which to file a third amended complaint shall therefore be denied.

The Court shall also deny Plaintiff's (now third) request for legal assistance in the form of "ancillary services." (Doc. 30.) As the Court set forth in its prior orders (*see* Docs. 8 and 23), Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). While, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1), *Rand*, 113 F.3d at 1525, such exceptional circumstances continue to be lacking in this case.

Plaintiff's current deadline to file an amended complaint is August 6, 2018. (*See* Doc. 25.) In order to ensure that Plaintiff receives notice of this order in advance of his filing deadline, in view of his status as a pro se prisoner, the Court has continued his deadline by 14 days. This brief extension is warranted out of an abundance of caution in view of the time spent by the Court investigating the veracity of Plaintiff's statements, not because he has shown good cause to support it.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's "Request for a 80-Day Extension to File Third Amended Complaint" (Doc. 28) and "Request for a Reasonable Extension to File His Third Amended Complaint or Granted Ancillary Services" (Doc. 30) are DENIED; and

2. Plaintiff shall file his third amended complaint no later than August 20, 2018.[2]

IT IS SO ORDERED.

Dated: **August 1, 2018** /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

---

[2]